E-Filed/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1460-GHK (DTBx) | Date | October 4, 2011 |
|---|---|---|---|
| Title | *Deutsche Bank National Trust Co. v. Erickson M. De Guzman, et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, U. S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**   **(In Chambers) Order Remanding Case**

  Defendants Erickson M. De Guzman and Rosario K. De Guzman (collectively, "Defendants") removed the above-titled action to this Court. Defendants previously removed this same state court case, in June 2011, and at that time we ordered Defendants to show cause ("OSC") why the case should not be remanded to state court due to our lack of subject matter jurisdiction. No. ED CV 11-973-GHK (DTBx) (order remanding case). Defendants failed to respond to our OSC, and we remanded the case to the state court from which it was removed.

  In this Notice of Removal, Defendants state that both federal question and diversity jurisdiction exist. Defendants allege that we have federal question jurisdiction under the complete preemption doctrine – they seem to argue that state court bias against individuals who have suffered wrongful foreclosures makes it impossible to receive a fair trial in state court, and thus complete preemption exists. (Notice at 4-5). Defendants also allege that diversity jurisdiction exists in an unlawful detainer action because the value of possession should be measured by the current market value of the property possessed.

  Complete preemption is a rarity, and the Supreme Court has identified only three federal statutes that completely preempt state law: the Labor Management Relations Act, the Employee Retirement Income Security Act, and the usury provisions of the National Bank Act. These statutes stand alone because they "provide[] the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). Whether or not a statute provides the exclusive cause of action for certain claims is thus "the dispositive question." *Id.* at 9. Defendants have provided no authority for the proposition that state court bias is a recognized area of complete preemption, nor has Plaintiff made a compelling argument that state court bias completely preempts state law unlawful detainer cases.

  We also find no basis for this Court to exercise diversity jurisdiction over this matter. "Jurisdiction founded on 28 U.S.C. § 1332 requires that parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089,

E-Filed/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1460-GHK (DTBx) | Date | October 4, 2011 |
|---|---|---|---|
| Title | *Deutsche Bank National Trust Co. v. Erickson M. De Guzman, et al.* | | |

1090 (9th Cir. 2003). We find no basis for the assertion that the amount in controversy in this case exceeds the jurisdictional threshold of $75,000. In unlawful detainer cases, the right to possession – not title to the property – is at issue, and thus the amount in controversy is determined by the damages sought by the Complaint. *See Deutsche Bank Nat. Trust Co. v. Soto*, No. CV 11-1149 PA (AGRx), 2011 WL 590286, at *2 (C.D. Cal. Feb. 9, 2011) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977)). The Complaint clearly states that the damages sought by Plaintiff do not exceed $10,000. As such, there is no diversity jurisdiction in this case.

Finally, we feel compelled to address Defendants' statement that "Defendants cannot obtain a fair trial in State court in an Unlawful Detainer action and the next higher court is [the] District Court." (Notice at 6). This statement betrays a fundamental misunderstanding of the relationship between California state courts and the federal district courts. Federal district courts have no appellate jurisdiction over state courts and thus do not have authority to review state court decisions. *Ignacio v. Judges of U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006) (describing the *Rooker-Feldman* doctrine). If Defendants are displeased with the result of their case in state court, their only recourse is to appeal the Superior Court's decision via the state court appeals process, and perhaps ultimately to the United States Supreme Court.

The party seeking to establish jurisdiction bears the burden of proving such. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Defendants have not established that we have subject matter jurisdiction over this action. Accordingly, we once again **REMAND** this case to the state court from which it was removed.

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
|  | Initials of Deputy Clerk | | Bea |